IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| KERMIT TY POULSON,<br><br>                    Plaintiff,<br><br>vs.<br><br>SHALEESHA KARPYAK, aka "Song Ferrari",<br><br>                    Defendant. | CV 18-160-M-DLC-JCL<br><br>ORDER, and FINDINGS AND RECOMMENDATION |

**I. In Forma Pauperis Application**

Plaintiff Kermit Poulson, appearing pro se, filed an application requesting leave to proceed in forma pauperis. He submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Because it appears he lacks sufficient funds to prosecute this action **IT IS HEREBY ORDERED** that Poulson's application is **GRANTED**. This action may proceed without prepayment of the filing fee, and the Clerk of Court is directed to file Poulson's lodged complaint as of the filing date of his request to proceed in forma pauperis.

The federal statute under which leave to proceed in forma pauperis is permitted — 28 U.S.C. § 1915 — also requires the Court to conduct a preliminary

1

screening of the allegations set forth in the litigant's pleading. The applicable provisions of section 1915(e)(2) state as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal–
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

The Court will review Poulson's pleading to consider whether this action can survive dismissal under the provisions of section 1915(e)(2), or any other provision of law. *See Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1138, 1142 (9th Cir. 2005).

## II. Background

Poulson alleges that Defendant Shaleesha Karpyak, his ex-wife, has stated to numerous people that Poulson is a "rapist." He contends she made the statements to terminate his parental rights relative to their daughter. Poulson alleges Karpyak

is liable to him for defamation which has caused him numerous forms of damage.

On his civil complaint form Poulson lists Tim Fox as a defendant. (Doc. 2 at 4 (listing Fox as "Defendant No. 2").) But Poulson makes no further mention of Fox anywhere in the body of his complaint. Therefore, the Court will disregard Fox.

## III. Discussion

Because Poulson is proceeding pro se the Court must construe his pleading liberally, and the pleading is held "to less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972). *See also Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). In view of the required liberal construction,

> a district court should grant leave to amend even if no request to amend the pleading was made, <u>unless</u> it determines that the pleading could not possibly be cured by the allegation of other facts.

*Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (emphasis added) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

In addition to the grounds for dismissal set forth in 28 U.S.C. § 1915(e)(2) above, to avoid dismissal Poulson's complaint must present sufficient allegations to invoke the jurisdiction of this Court. Fed. R. Civ. P. 8(a)(1).[1]

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]... It is to be presumed that a cause lies outside this limited jurisdiction,... and the burden of establishing the contrary rests upon the party asserting jurisdiction[.]

*Kokkonen v. Guardian Life Ins. of America*, 511 U.S. 375, 377 (1994) (citations omitted). A plaintiff bears the burden to establish jurisdiction. *Farmers Ins. Ex. v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 912 (9th Cir. 1990).

Furthermore, the federal courts are obligated to independently examine their own jurisdiction. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990). And a district court may dismiss an action sua sponte whenever it appears that jurisdiction is lacking. Fed. R. Civ. P. 12(h)(3); *Fiedler v. Clark*, 714 F.2d 77, 78-9 (9th Cir. 1983).

A federal court's jurisdiction is generally limited to cases involving diversity of citizenship (28 U.S.C. § 1332), a federal question (28 U.S.C. § 1331), or cases in which the United States is a party (28 U.S.C. §§ 1345 and 1346). Sections 1345

---

[1] Pro se litigants are "bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

and 1346 are not applicable in this case because the United States is not a party to this action.

### A. Diversity Jurisdiction is Absent

Diversity jurisdiction under 28 U.S.C. § 1332(a) requires complete diversity of citizenship between the plaintiff and each the defendant. *Williams v. United Airlines, Inc.*, 500 F.3d 1019, 1025 (9th Cir. 2007) (citing *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 553 (2005)). Each plaintiff must be a citizen of a different state than each of the defendants. *Morris v. Princess Cruises, Inc.* 236 F.3d 1061, 1067 (9th Cir. 2001). To properly invoke diversity jurisdiction of the court a plaintiff must affirmatively allege the citizenship of the parties to the action. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

On his complaint form Poulson marked the box suggesting diversity jurisdiction exists in this case. But in the section of the form where he identifies the parties to this case he lists his Montana address, and an address in Montana for Karpyak. Therefore, Poulson's allegations indicate he and Karpyak are each citizens of Montana, and he asserts no other affirmative citizenship allegations establishing diversity. Absent allegations of citizenship, the Court's diversity jurisdiction under 28 U.S.C. § 1332 is not properly invoked in this case.

## B. Federal Question Jurisdiction is Absent

Poulson also marked the box on his complaint form suggesting federal question jurisdiction exists in this case. Federal question jurisdiction requires that the action must arise "under the Constitution, Laws, or treaties of the United States." 28 U.S.C. § 1331.

Poulson's allegations neither expressly, nor implicitly, assert claims alleging Karpyak is liable for violating a federal law as required for federal question jurisdiction. Although 42 U.S.C. § 1983 permits a plaintiff to advance claims under federal law, a viable section 1983 claim must be pled against a state or local official or employee who was acting under color of state law and deprived the plaintiff of a federal right. *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003). Section 1983 does not apply to the conduct of private parties. *Kirtley*, 326 F.3d at 1092. "The state-action element in § 1983 'excludes from its reach merely private conduct, no matter how discriminatory or wrongful.'" *Caviness v. Horizon Community Learning Center, Inc.*, 590 F.3d 806, 812 (9th Cir. 2010) (quoting *American Manufacturers Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)).

Poulson does not allege that Karpyak is a state or local governmental actor. To the contrary, Poulson's allegations suggest Karpyak is a private citizen.

Therefore, section 1983 does not provide a basis for any federal claim, and Poulson does not expressly allege the existence of a federal question in this case.

**IV.   Conclusion**

Based on the foregoing, IT IS HEREBY RECOMMENDED that Poulson's complaint be DISMISSED for lack of jurisdiction.

DATED this 9th day of October, 2018.

_____
Jeremiah C. Lynch
United States Magistrate Judge